GUILLERMO ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC. AND HEIRS OF ABRAHAM GONZÁLEZ LUGO, Respondents.

No. 398. Argued March 1, 1949.—Decided April 29, 1949.

---

*Angel de Jesús Matos, M. Maldonado Pacheco,* and *Aída Casañas Marengo* for petitioner. *Concepción de Gracia & Concepción de Gracia* for respondent heirs.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

This is an appeal taken by the Manager of the State Insurance Fund to review a decision of the Industrial Commission reversing his decision whereby compensation was denied to the heirs of Abraham González Lugo. The deceased was unmarried and worked as unskilled laborer in the Caonillas Project in Utuado, having as dependents his parents and minor brothers.

About March 6, 1947 the aforesaid workman finished his job at three o'clock in the afternoon and, as usual, boarded an automobile together with other workmen who left at the same hour, to go to their home. The fare was paid by the workmen. The automobile had no doors and was one of those commonly known as "command car". After it had travelled about a hectometer on the highway, the deceased stood up, according to some, in order to spit, and according to others because he was dizzy on account of weakness; but when he stood up he lost his balance and fell on the highway suffering a fracture of the skull as a consequence of which he died the next day.

Highway No. 26 lies partly within land belonging to the Project and when the lake is finished it will be flooded by its water. A detour was under construction so that when that

part of the highway is flooded, the traffic towards Caonilla Arriba should continue uninterruptedly.

We must bear in mind that although it is an insular highway, the piece of road where the accident took place became the property of the Water Resources Authority; that it would be flooded by the waters of the artificial lake under construction; that although the public continued to use it, its use was tolerated because the detour had not yet been finished; that this road was the only road through which the workmen of the Project could come and go to their work and that the adjacent land on both sides of the highway in the place where the accident occurred belonged to the project Caonillas.

■■ The question for determination is whether under these circumstances it may be considered that when the accident took place the workman was within the property of his employer. It is a well-settled rule that generally the accident is not compensable when it takes place on a public highway while the workman is going to or coming from his work. *Guillot* v. *Industrial Commission*, 60 P.R.R. 658. But in the instant case although the piece of road was being used by the public we know it belonged to the Water Resources Authority; that it formed part of the land of the Project and that it was to be flooded by the waters of the lake. It being so, the accident took place within the premises of the employer and consequently the workman is entitled to compensation. Horovitz, Current Trends in Workmen's Compensation, page 672 and cases cited therein. The Industrial Commission, therefore, did not err in reversing the decision of the Manager of the State Insurance Fund who bases his contention on the theory that since the accident took place in the insular highway it was a public road and accordingly the general rule stated above should be applied.

The decision appealed from will be affirmed.